**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

|  |  |
|---|---|
| WHIRLPOOL CORP.,<br><br>     Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD;<br>SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>     Defendants. | Civil Action No. 25-1137<br><br>**COMPLAINT FOR PATENT INFRINGEMENT AND DEMAND FOR JURY TRIAL** |

Plaintiff Whirlpool Corp. ("Whirlpool" or "Plaintiff") brings this Complaint against Defendants Samsung Electronics Co., Ltd., and Samsung Electronics America, Inc. (collectively, "Samsung" or "Defendants"), alleging as follows:

## NATURE OF ACTION

1.  As alleged below, this is an action for patent infringement based on Samsung's unlawful use of Whirlpool's patents directed to low-profile microwave hood combination products. Samsung copied Whirlpool's award-winning design, and its misconduct has caused Whirlpool significant damage and irreparable harm.

## THE PARTIES

2.  Plaintiff Whirlpool Corp. is a Delaware corporation having its principal place of business located at 2000 North M-63, Benton Harbor, MI 49022.

3.  Defendant Samsung Electronics Co., Ltd. ("SEC"), is a Korean corporation having its principal place of business located at 129 Samseong-Ro, Youngtong-Gu, Suwon, Gyeonggi 16677.

4.      Defendant Samsung Electronics America, Inc. ("SEA"), is a New York corporation having its principal place of business located at 700 Sylvan Avenue, Englewood Cliffs, NJ 07632. SEA is a wholly owned subsidiary of SEC.

## JURISDICTION AND VENUE

5.      This is a civil action for patent infringement under 35 U.S.C. § 271 *et seq.*

6.      This Court has subject matter jurisdiction over this action under the laws of the United States, 28 U.S.C. §§ 1331 and 1338(a).

7.      This Court has general personal jurisdiction over Samsung because Samsung is engaged in substantial and not isolated activity within this judicial district. This Court has specific jurisdiction over Samsung because Samsung has committed acts giving rise to this action and has established more than minimum contacts within this judicial district, such that the exercise of jurisdiction over Samsung in this Court would not offend traditional notions of fair play and substantial justice. Samsung has also placed infringing products into the stream of commerce by shipping those products into the Eastern District of Texas ("this District") or knowing that the products would be shipped there.

8.      Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)–(c) and 1400(b) for SEC, a Korean company, because suits against foreign entities are proper in any judicial district.

9.      Venue is proper as to SEA because SEA has a regular and established place of business and has committed acts of patent infringement within this District. SEA has corporate offices and facilities in Texas, including within this District, at least at 6625 Excellence Way, Plano,

Texas 75023;[1] 6555 Excellence Way, Plano, Texas 75023;[2] 6625 Declaration Way, Plano, Texas 75023;[3] and 2601 Preston Road Frisco, Texas 75034.[4]

10.    Moreover, Samsung recently admitted that venue is proper in this District as to SEC and SEA in a patent infringement action.[5] Samsung has also previously admitted that SEC and SEA place products in the stream of commerce knowing or understanding that such products would be sold and used in the United States, including within this District, and has previously admitted that SEA maintains a regular place of business in this District.[6]

11.    On information and belief, SEC and SEA coordinate with respect to the development, marketing, sale, importation and/or distribution of Samsung products. On information and belief, SEC and SEA are agents of one another and/or operate in concert as integrated parts of the same business group and enter into agreements with each other that are nearer than arm's length. Upon information and belief, SEA acts at the direction, and for the benefit, of SEC, and is controlled and/or dominated by SEC. Upon information and belief, SEC and SEA work collaboratively and in concert either directly or indirectly through one or more of

---

[1] *See* Tex. Dep't of Licensing and Regulation Architectural Barriers Project Details Page (Sept. 23, 2021), https://www.tdlr.texas.gov/TABS/Search/Print/TABS2022001620 (office renovation of SEA facility at 6625 Excellence Way, Plano, Texas).

[2] https://sec.wd3.myworkdayjobs.com/en-US/Samsung_Careers/jobs?locations=31fc7bab264601 f2a48f9e5ec5243c60&locations=502ab515a87601e1dd395608ad1e7f3b (Samsung U.S. Careers web page listing location at 6555 Excellence Way, Plano, Texas).

[3] *See* Tex. Dep't of Licensing and Regulation Architectural Barriers Project Details Page (March 18, 2020), https://www.tdlr.texas.gov/TABS/Projects/TABS2020013898 (Samsung facility at 6625 Declaration Way, Plano, Texas).

[4] https://www.samsung.com/us/samsung-experience-store/locations/ (web page for Samsung Experience Store located at 2601 Preston Road, Frisco, Texas).

[5] *Four Batons Wireless, LLC v. Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc.*, No. 2:24-cv-284, Dkt. 24 at ¶¶ 14–15 (E.D. Tex. Aug. 19, 2024).

[6] *ASUS Technology Licensing Inc. and Celerity IP, LLC v. Samsung Electronics Co., Ltd. et al.*, No. 2:23-cv-409, Dkt. 58 ¶¶ 9–10 (E.D. Tex. April 23, 2024).

their wholly owned subsidiaries with respect to the manufacturing, marketing, sale, and distribution of Samsung products, including the Accused Products, throughout the United States, including in this District.

## FACTUAL BACKGROUND

### Whirlpool's Background

12.     Whirlpool is a leading home appliance company dedicated to improving customers' quality of life at home through efficient, reliable, and innovative appliances.[7] As the only major manufacturer of kitchen and laundry appliances based in the United States, nearly 90% of Whirlpool's 2024 sales occurred in the Americas.[8]

13.     Among its areas of specialty, Whirlpool designs and manufactures kitchen appliances, including low-profile microwave hood combination products ("LP-MHCs"). LP-MHCs are designed to fit into the undercabinet hood space above a cooking range, providing a two-in-one kitchen appliance that cooks and provides ventilation.[9] Compared to their traditional counterparts, LP-MHCs have significantly scaled down overall vertical dimensions, allowing their installation in areas that previously could only accommodate a standalone ventilation hood.[10] The benefit of this compact design is preserved through a LP-MHC's robust air circulation of byproducts produced when using the cooking range below (e.g., smoke or grease). In short, a LP-MHC's space-saving properties save countertop space without sacrificing performance, providing users with an efficient and innovative dual-function kitchen appliance.

---

[7] *See* https://ar.whirlpoolcorp.com/whirlpool-at-a-glance/.

[8] *Id.*

[9] https://www.whirlpool.com/blog/kitchen/what-is-a-low-profile-microwave.html.

[10] *See* Exhibit A (U.S. Patent No. 11,079,118) at 1:11-43; 3:46-65.

14.     The below images show certain of the components for an exemplary Whirlpool LP-MHC (Model No. WMML5530RZ):





15.     Whirlpool's LP-MHCs created a new, first-to-market category of MHCs, which had a significant impact on the cooking appliance industry and has enjoyed enormous commercial success. Whirlpool's creation of the LP-MHC product category was publicized in the industry and earned Whirlpool a 2019 iF Design Award.[11]

16.     Whirlpool has also been awarded numerous patents for its innovative LP-MHCs, including the patents identified herein. Whirlpool's products practice the claims of those patents.

**Accused Products and Activities**

17.     Commercial success and patenting are often accompanied by copying from competitors. That is the case here. Indeed, subsequent to Whirlpool's product launch, Samsung launched a line of copycat products that practice the Asserted Patents. Samsung's marketing materials even reference the "low profile" design of LP-MHCs, a term coined by Whirlpool after conducting market research[12]:



18.     Samsung's infringing products include at least the following Stock Keeping Units ("SKUs"): (i)  ME11CB751012;  ME11CB751012/AA;  ME11CB751012WH;  ME11A7510DS; ME11A7510SS; ME11A7510DG; and ME11A7510DG/AA (collectively, the "Type A Accused

---

[11] https://www.prnewswire.com/news-releases/whirlpool-corporations-innovative-design-wins-big-at-if-design-awards-300813555.html.

[12] https://www.samsung.com/us/microwaves/.

Products") and (ii) ME11A7710DG/AA; ME11A7710DS; ME11A7710DS/AA; ME11A7710DSS; and DMO30U970SS/DA (sold under the "Dacor" brand name) (collectively, the "Type B Accused Products," and together with the Type A Accused Products, the "Accused Products").

19.    The below images show certain of the components for an exemplary Type A Accused Product (SKU No. ME11CB751012), which constitutes an LP-MHC.









20.    The below images show certain of the components for an exemplary Type B

Accused Product (SKU No. ME11A7710DS), which constitutes an LP-MHC.







**THE ASSERTED PATENTS**

21.     On August 3, 2021, the United States Patent and Trademark Office ("PTO") issued United States Patent No. 11,079,118 ("the '118 patent"), titled "Combination Microwave and Hood System." The '118 patent lists the following individuals as inventors: Owen Zhang, Michael Ledford, Stephen Zheng, and Xiangxu Liu. The '118 patent is valid and enforceable. A copy of the '118 patent is attached as Exhibit A. Whirlpool is the owner of the '118 patent by written assignment. Whirlpool thus has standing to bring suit for infringement of the '118 patent. The Type B Accused Products are accused of infringing the '118 patent.

22.     On May 7, 2024, the PTO issued United States Patent No. 11,979,967 ("the '967 patent"), titled "Combination Microwave and Hood System." The '967 patent lists the following individuals as inventors: Owen (XunCai) Zhang, Michael A. Ledford, Stephen Zheng, and Xiangxu Liu. The '967 patent is valid and enforceable. A copy of the '967 patent is attached as Exhibit B. Whirlpool is the owner of the '967 patent by written assignment. Whirlpool thus has

standing to bring suit for infringement of the '967 patent. The Type B Accused Products are accused of infringing the '967 patent.

23.    On September 24, 2024, the PTO issued United States Patent No. 12,101,865 ("the '865 patent"), titled "Combination Microwave and Hood System." The '865 patent lists the following individuals as inventors: Owen (XunCai) Zhang, Michael A. Ledford, Stephen Zheng, and Xiangxu Liu. The '865 patent is valid and enforceable. A copy of the '865 patent is attached as Exhibit C. Whirlpool is the owner of the '865 patent by written assignment. Whirlpool thus has standing to bring suit for infringement of the '865 patent. The Type B Accused Products are accused of infringing the '865 patent.

24.    On October 29, 2024, the PTO issued United States Patent No. 12,133,317 ("the '317 patent"), titled "Combination Microwave and Hood System." The '317 patent lists the following individuals as inventors: Owen (XunCai) Zhang, Michael A. Ledford, Stephen Zheng, and Xiangxu Liu. The '317 patent is valid and enforceable. A copy of the '317 patent is attached as Exhibit D. Whirlpool is the owner of the '317 patent by written assignment. Whirlpool thus has standing to bring suit for infringement of the '317 patent. The Type A and Type B Accused Products are accused of infringing the '317 patent.

25.    On April 29, 2025, the PTO issued United States Patent No. 12,289,819 B2 ("the '819 patent"), titled "Combination Microwave and Hood System." The '819 patent lists the following individuals as inventors: Owen (XunCai) Zhang, Michael A. Ledford, Stephen Zheng, and Xiangxu Liu. The '819 patent is valid and enforceable. A copy of the '819 patent is attached as Exhibit E. Whirlpool is the owner of the '819 patent by written assignment. Whirlpool thus has standing to bring suit for infringement of the '819 patent. The Type A and Type B Accused Products are accused of infringing the '819 patent.

26.     Whirlpool has complied with the marking requirements under 35 U.S.C. § 287 such that Whirlpool is entitled to collect past damages for infringement of the Asserted Patents. Whirlpool's LP-MHCs practice the Asserted Patents, and Whirlpool's practicing products have been marked with the Asserted Patent numbers.

## COUNT I

### (Infringement of U.S. Patent No. 11,079,118)

27.     Whirlpool realleges and incorporates by reference, as if fully set forth herein, all of the allegations contained in paragraphs 1–26 of this Complaint.

28.     Upon information and belief, Samsung makes, uses, imports, offers for sale, and/or sells in the United States the Type B Accused Products that directly infringe at least claims 1-5 and 18 of the '118 patent, under 35 U.S.C. § 271(a).

29.     By way of non-limiting example, Exhibit F, submitted herewith, is a claim chart showing how the Type B Accused Products directly infringe asserted independent claim 1 of the '118 patent.

30.     Upon information and belief, Samsung currently actively induces and has induced infringement of the '118 patent pursuant to 35 U.S.C. § 271(b) through, among other things, actively encouraging others to make, use, import, offer for sale, and/or sell in this judicial district and elsewhere in the United States the Accused Products.

31.     For example, Samsung actively promotes the sale, use, and importation of the Type B Accused Products in marketing materials, product manuals, and web pages on its website, [13] and

---

[13] *See, e.g.*, Microwaves, available at https://www.samsung.com/us/microwaves/#:~:text=Owners%20rated%20us%20%231%20for,4th%20Of%20July%20Savings (promoting sale of LP-MHCs, including "new Smart SLIM Over-the-Range Microwave") (last visited July 21, 2025); Microwave Oven Installation Manual, ME11A7510**/ME11A7710**, available at https://image-us.samsung.com/SamsungUS/home/pdf/01_Install_ME11A7510DS_AA_DE68-04709A-01_EN-MES_220120.pdf (last visited July 21, 2025); 1.1 cu. ft. Smart SLIM Over-the-Range

through its sales and distribution channels that encourage infringing sales, offers to sell, and importation of the Type B Accused Products.

32.    Upon information and belief, Samsung has had knowledge of the '118 patent and that the Accused Products infringe the asserted claims of the '118 patent and learned of this from the filing of this Complaint. Contemporaneously with the filing of this Complaint, Whirlpool provided Samsung with a copy of the Complaint and exhibits to the Complaint. As a result, Samsung received notice of the '118 patent and the infringement at issue no later than the filing of the Complaint. By the time of trial, Samsung will have known and intended (since receiving such notice) that its continued actions would infringe and actively induce the infringement of the '118 patent.

33.    Upon information and belief, Samsung had pre-suit knowledge of the '118 patent. On October 1, 2017, SEC filed Canadian patent application number CA177545S, which cites the '118 patent family as prior art.

34.    Upon information and belief, Samsung's infringement of the '118 patent has been and continues to be willful.

35.    Upon information and belief, Samsung knew of the '118 patent or was willfully blind to its existence.

36.    Samsung's infringement of the '118 patent has been without permission, consent, authorization, or license from Whirlpool.

---

Microwave with 550 CFM Hood Ventilation, Wi-Fi & Voice Control in Stainless Steel, available at https://www.samsung.com/us/home-appliances/microwaves/over-the-range/1-1-cu--ft--smart-slim-over-the-range-microwave-with-550-cfm-hood-ventilation--wi-fi---voice-control-in-stainless-steel-me11a7710ds-aa/ (web page for ME11A7710DS/AA) (last visited July 21, 2025).

37.     As a result of Samsung's infringement, Whirlpool has suffered and will continue to suffer damages, including past damages, in an amount to be proved at trial. In addition, Samsung's infringement caused and will continue to cause Whirlpool irreparable harm, for which there is no adequate remedy at law, warranting an injunction from the Court.

## COUNT II

### (Infringement of U.S. Patent No. 11,979,967)

38.     Whirlpool realleges and incorporates by reference, as if fully set forth herein, all of the allegations contained in paragraphs 1–37 of this Complaint.

39.     Upon information and belief, Samsung makes, uses, imports, offers for sale, and/or sells in the United States the Type B Accused Products that directly infringe at least claims 1-5 and 7-23 of the '967 patent, under 35 U.S.C. § 271(a).

40.     By way of non-limiting example, Exhibit G, submitted herewith, is a claim chart showing how the Type B Accused Products directly infringe asserted independent claim 1 of the '967 patent.

41.     Upon information and belief, Samsung currently actively induces and has induced infringement of the '967 patent pursuant to 35 U.S.C. § 271(b) through, among other things, actively encouraging others to make, use, import, offer for sale, and/or sell in this judicial district and elsewhere in the United States the Accused Products.

42.     For example, as demonstrated by the cited materials above, Samsung actively promotes the sale, use, and importation of the Type B Accused Products in marketing materials, product manuals, and web pages on its website, and through its sales and distribution channels that encourage infringing sales, offers to sell, and importation of the Type B Accused Products.

43.    Upon information and belief, Samsung has had knowledge of the '967 patent and that the Accused Products infringe the asserted claims of the '967 patent and learned of this from the filing of this Complaint. Contemporaneously with the filing of this Complaint, Whirlpool provided Samsung with a copy of the Complaint and exhibits to the Complaint. As a result, Samsung received notice of the '967 patent and the infringement at issue no later than the filing of the Complaint. By the time of trial, Samsung will have known and intended (since receiving such notice) that its continued actions would infringe and actively induce the infringement of the '967 patent.

44.    Upon information and belief, Samsung had pre-suit knowledge of the '967 patent. On October 1, 2017, SEC filed Canadian patent application number CA177545S, which cites the '967 patent family as prior art.

45.    Upon information and belief, Samsung's infringement of the '967 patent has been and continues to be willful.

46.    Upon information and belief, Samsung knew of the '967 patent or was willfully blind to its existence.

47.    Samsung's infringement of the '967 patent has been without permission, consent, authorization, or license from Whirlpool.

48.    As a result of Samsung's infringement, Whirlpool has suffered and will continue to suffer damages, including past damages, in an amount to be proved at trial. In addition, Samsung's infringement caused and will continue to cause Whirlpool irreparable harm, for which there is no adequate remedy at law, warranting an injunction from the Court.

## COUNT III

### (Infringement of U.S. Patent No. 12,101,865)

49.     Whirlpool realleges and incorporates by reference, as if fully set forth herein, all of the allegations contained in paragraphs 1–48 of this Complaint.

50.     Upon information and belief, Samsung makes, uses, imports, offers for sale, and/or sells in the United States the Type B Accused Products that directly infringe at least claims 1-21 of the '865 patent, under 35 U.S.C. § 271(a).

51.     By way of non-limiting example, Exhibit H, submitted herewith, is a claim chart showing how the Type B Accused Products directly infringe asserted independent claim 1 of the '865 patent.

52.     Upon information and belief, Samsung currently actively induces and has induced infringement of the '865 patent pursuant to 35 U.S.C. § 271(b) through, among other things, actively encouraging others to make, use, import, offer for sale, and/or sell in this judicial district and elsewhere in the United States the Accused Products.

53.     For example, as demonstrated by the cited materials above, Samsung actively promotes the sale, use, and importation of the Type B Accused Products in marketing materials, product manuals, and web pages on its website, and through its sales and distribution channels that encourage infringing sales, offers to sell, and importation of the Type B Accused Products.

54.     Upon information and belief, Samsung has had knowledge of the '865 patent and that the Accused Products infringe the asserted claims of the '865 patent and learned of this from the filing of this Complaint. Contemporaneously with the filing of this Complaint, Whirlpool provided Samsung with a copy of the Complaint and exhibits to the Complaint. As a result, Samsung received notice of the '865 patent and the infringement at issue no later than the filing of the Complaint. By the time of trial, Samsung will have known and intended (since receiving such

notice) that its continued actions would infringe and actively induce the infringement of the '865 patent.

55.    Upon information and belief, Samsung had pre-suit knowledge of the '865 patent. On October 1, 2017, SEC filed Canadian patent application number CA177545S, which cites the '865 patent family as prior art.

56.    Upon information and belief, Samsung's infringement of the '865 patent has been and continues to be willful.

57.    Upon information and belief, Samsung knew of the '865 patent or was willfully blind to its existence.

58.    Samsung's infringement of the '865 patent has been without permission, consent, authorization, or license from Whirlpool.

59.    As a result of Samsung's infringement, Whirlpool has suffered and will continue to suffer damages, including past damages, in an amount to be proved at trial. In addition, Samsung's infringement caused and will continue to cause Whirlpool irreparable harm, for which there is no adequate remedy at law, warranting an injunction from the Court.

## <u>COUNT IV</u>

### (Infringement of U.S. Patent No. 12,133,317)

60.    Whirlpool realleges and incorporates by reference, as if fully set forth herein, all of the allegations contained in paragraphs 1–59 of this Complaint.

61.    Upon information and belief, Samsung makes, uses, imports, offers for sale, and/or sells in the United States the Type A and Type B Accused Products that directly infringe at least claims 1-6 and 8 of the '317 patent, under 35 U.S.C. § 271(a).

62.    By way of non-limiting example, Exhibits I-J, submitted herewith, are claim charts showing how the Type A and Type B Accused Products directly infringe asserted independent claim 1 of the '317 patent.

63.    Upon information and belief, Samsung currently actively induces and has induced infringement of the '317 patent pursuant to 35 U.S.C. § 271(b) through, among other things, actively encouraging others to make, use, import, offer for sale, and/or sell in this judicial district and elsewhere in the United States the Accused Products.

64.    For example, Samsung actively promotes the sale, use, and importation of the Type A and Type B Accused Products in marketing materials, product manuals, and web pages on its website,[14] and through its sales and distribution channels that encourage infringing sales, offers to sell, and importation of the Type A and Type B Accused Products.

65.    Upon information and belief, Samsung has had knowledge of the '317 patent and that the Accused Products infringe the asserted claims of the '317 patent and learned of this from the filing of this Complaint. Contemporaneously with the filing of this Complaint, Whirlpool provided Samsung with a copy of the Complaint and exhibits to the Complaint. As a result, Samsung received notice of the '317 patent and the infringement at issue no later than the filing of the Complaint. By the time of trial, Samsung will have known and intended (since receiving such notice) that its continued actions would infringe and actively induce the infringement of the '317 patent.

---

[14] In addition to the materials cited above for the Type B Accused Products, for the Type A Accused Products, *see, e.g.*, 1.1 cu. ft. Smart SLIM Over-the-Range Microwave with 400 CFM Hood Ventilation, Wi-Fi & Voice Control in Black Stainless Steel, available at https://www.samsung.com/us/home-appliances/microwaves/over-the-range/1-1-cu-ft-smart-slim-over-the-range-microwave-with-400-cfm-hood-ventilation-wi-fi-voice-control-in-black-stainless-steel-me11a7510dg-aa/ (web page for ME11A7510DG/AA) (last visited July 21, 2025).

66.     Upon information and belief, Samsung had pre-suit knowledge of the '317 patent. On October 1, 2017, SEC filed Canadian patent application number CA177545S, which cites the '317 patent family as prior art.

67.     Upon information and belief, Samsung's infringement of the '317 patent has been and continues to be willful.

68.     Upon information and belief, Samsung knew of the '317 patent or was willfully blind to its existence.

69.     Samsung's infringement of the '317 patent has been without permission, consent, authorization, or license from Whirlpool.

70.     As a result of Samsung's infringement, Whirlpool has suffered and will continue to suffer damages, including past damages, in an amount to be proved at trial. In addition, Samsung's infringement caused and will continue to cause Whirlpool irreparable harm, for which there is no adequate remedy at law, warranting an injunction from the Court.

## COUNT V

### (Infringement of U.S. Patent No. 12,289,819)

71.     Whirlpool realleges and incorporates by reference, as if fully set forth herein, all of the allegations contained in paragraphs 1–70 of this Complaint.

72.     Upon information and belief, Samsung makes, uses, imports, offers for sale, and/or sells in the United States the Type A and Type B Accused Products that directly infringe at least claims 1-23, 25-26, 28-30 of the '819 patent, under 35 U.S.C. § 271(a).

73.     By way of non-limiting example, Exhibits K-L, submitted herewith, are claim charts showing how the Type A and Type B Accused Products directly infringe asserted independent claims 1 and 30 of the '819 patent.

74. Upon information and belief, Samsung currently actively induces and has induced infringement of the '819 patent pursuant to 35 U.S.C. § 271(b) through, among other things, actively encouraging other to make, use, import, offer for sale, and/or sell in this judicial district and elsewhere in the United States the Accused Products.

75. For example, as demonstrated by the cited materials above, Samsung actively promotes the sale, use, and importation of the Type A and Type B Accused Products in marketing materials, product manuals, and web pages on its website, and through its sales and distribution channels that encourage infringing sales, offers to sell, and importation of the Type A and Type B Accused Products.

76. Upon information and belief, Samsung has had knowledge of the '819 patent and that the Accused Products infringe the asserted claims of the '819 patent and learned of this from the filing of this Complaint. Contemporaneously with the filing of this Complaint, Whirlpool provided Samsung with a copy of the Complaint and exhibits to the Complaint. As a result, Samsung received notice of the '819 patent and the infringement at issue no later than the filing of the Complaint. By the time of trial, Samsung will have known and intended (since receiving such notice) that its continued actions would infringe and actively induce the infringement of the '819 patent.

77. Upon information and belief, Samsung had pre-suit knowledge of the '819 patent. On October 1, 2017, SEC filed Canadian patent application number CA177545S, which cites the '819 patent family as prior art.

78. Upon information and belief, Samsung's infringement of the '819 patent has been and continues to be willful.

79.    Upon information and belief, Samsung knew of the '819 patent or was willfully blind to its existence.

80.    Samsung's infringement of the '819 patent has been without permission, consent, authorization, or license from Whirlpool.

81.    As a result of Samsung's infringement, Whirlpool has suffered and will continue to suffer damages, including past damages, in an amount to be proved at trial. In addition, Samsung's infringement caused and will continue to cause Whirlpool irreparable harm, for which there is no adequate remedy at law, warranting an injunction from the Court.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that the Court:

A.    Adjudge that Samsung has infringed and is infringing one or more claims of each of the Asserted Patents, directly and/or indirectly, literally, and/or under the doctrine of equivalents;

B.    Award damages, including past damages, sufficient to compensate Plaintiff for Samsung's infringement under 35 U.S.C. § 284, including an award of treble damages for willful infringement;

C.    Find this case exceptional under 35 U.S.C. § 285, and award Plaintiff its reasonable attorneys' fees;

D.    Enjoin Samsung, and all persons in concert or participation with it, from directly or indirectly infringing one or more claims of each of the above Asserted Patents, directly and/or indirectly, literally, and/or under the doctrine of equivalents;

E.    Award Plaintiff its costs and expenses incurred in this action;

F.    Award Plaintiff pre-judgment and post-judgment interest; and,

G.    Grant Plaintiff such further relief as the Court deems just and appropriate.

Dated: November 18, 2025                     By:  *s/ Robert T. Vlasis III*

Brian E. Ferguson
Robert T. Vlasis III (Texas Bar No. 24056475)
Winston & Strawn LLP
1901 L Street NW
Washington, DC 20036
202-282-5000
beferguson@winston.com
rvlasis@winston.com

Kurt Mathas
Winston & Strawn LLP
300 N. LaSalle Drive
Chicago, IL 60654
312-558-5600
kmathas@winston.com

Rex Mann
Samuel Riebe
Winston & Strawn LLP
2121 N. Pearl Street, Suite 900
Dallas, TX 75201
214-453-6500
rmann@winston.com
sriebe@winston.com

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury of all claims so triable.


Dated: November 18, 2025                    By:    *s/ Robert T. Vlasis III*

Brian E. Ferguson
Robert T. Vlasis III (Texas Bar No. 24056475)
Winston & Strawn LLP
1901 L Street NW
Washington, DC 20036
202-282-5000
beferguson@winston.com
rvlasis@winston.com

Kurt Mathas
Winston & Strawn LLP
300 N. LaSalle Drive
Chicago, IL 60654
312-558-5600
kmathas@winston.com

Rex Mann
Samuel Riebe
Winston & Strawn LLP
2121 N. Pearl Street, Suite 900
Dallas, TX 75201
214-453-6500
rmann@winston.com
sriebe@winston.com